UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

| | |
|---|---|
| CAN'T LIVE WITHOUT IT, LLC D/B/A S'WELL BOTTLE, | : Case No. _____ |
| | : **COMPLAINT** |
| Plaintiff, | : **JURY TRIAL DEMANDED** |
| -against- | : |
| RTIC COOLERS, LLC, | : |
| | : |
| Defendant. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   X

Plaintiff Can't Live Without It, LLC d/b/a S'well Bottle ("S'well"), by its attorneys, for its complaint against Defendant RTIC Coolers ("RTIC"), hereby alleges as follows:

## INTRODUCTION

1.      S'well is the nation's premier supplier of reusable insulated water bottles.  Among other products, S'well distributes the highly popular, high-quality, stylish, insulated, stainless steel reusable bottle (the "S'well Bottle") featuring S'well's distinctive registered trade dress. The S'well Bottle is shown in the following representational images:



2.      RTIC is engaged in a practice of knowingly, intentionally and willfully infringing the world-renown S'well Bottle trade dress and the S'WELL brand, competing unfairly with S'well, engaging in deceptive trade practices, and confusing and deceiving consumers.  RTIC intentionally copied the S'well Bottle trade dress to attract attention to itself and its lower quality goods, and to confuse the public into believing that RTIC's own bottles ("RTIC's Infringing Products") are somehow associated or affiliated with, sponsored by, or otherwise connected with S'well, the S'well Bottle, and the S'well brand.  RTIC has misled consumers and potential consumers by telling them that RTIC's own bottles are S'well Bottles.

3.      RTIC is attempting to reap for itself the goodwill and reputation painstakingly built by S'well.  RTIC's selling, offering to sell, marketing, advertising, importing, and distributing around the United States its own bottles bearing the distinctive S'well Bottle trade dress (or trade dress intentionally confusingly similar thereto) is likely to deceive consumers cause confusion in the marketplace, and unless enjoined, RTIC will continue to cause, irreparable harm and an incalculable loss to S'well.

4.      Accordingly, S'well brings this action for trade dress infringement, and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and for trade dress infringement and violations of the deceptive acts and practices statute under state law, and unfair competition under the common law.

## PARTIES

5.      S'well is organized and exists under the laws of the State of Delaware, with its principal place of business in New York, New York.

6.      RTIC is organized and exists under the laws of the State of Texas, with its principal place of business in Houston, Texas.

2

## JURISDICTION AND VENUE

7.      This Court has jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).  The state law claims under New York Law form a part of the same case and controversy, making the exercise of supplemental jurisdiction under 28 U.S.C. § 1367 appropriate.

8.      Personal jurisdiction is proper over RTIC pursuant to C.P.L.R. § 302(a) because RTIC has transacted and done business in New York, has solicited consumers in this District, has marketed RTIC's Infringing Products in this District, has offered to sell or has sold RTIC's Infringing Products to consumers in this District, and maintains a website that is highly interactive, accessible in New York, and offers New York residents the opportunity to purchase RTIC's Infringing Products.

9.      Specifically, RTIC markets infringing products on its website at http://www.rticcoolers.com/ and permits customer orders of RTIC's Infringing Products through its customer portal on its website at https://www.rticcoolers.com/shop/drinkware/bottles (together its "Website").  RTIC markets, sells, and distributes RTIC's Infringing Products in the State of New York, including through its Website.

10.     Personal jurisdiction is also proper pursuant to C.P.L.R. § 302(a) because RTIC has committed torts outside New York that have caused damage in New York, where S'well maintains its principal place of business.

11.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to these claims arose in this District.

## FACTS COMMON TO ALL CLAIMS

**S'well, the S'well Bottle Trade Dress, and the S'well Marks.**

12.     In 2010, S'well was launched with a mission to rid the world of plastic bottles and to become a responsible steward of the environment and of causes that are important to S'well. When developing the S'well Bottle, S'well took care to bring to the market a beautifully crafted, reusable bottle that would limit the amount plastic waste dumped into landfills each year.

13.     S'well maintains strict quality control and safety standards for all of S'well's products, including standards intending to reduce any harmful byproducts as a result of the manufacturing of the S'well Bottle.  S'well Bottles, for example, are composed of a non-leaching and BPA-free 18/8 stainless steel.  S'well exerts significant efforts to ensure that its manufacturers and suppliers adhere to the stringent quality control and safety standards set by S'well.

14.     Customers, potential customers, and other members of the public and industry associate the S'well Bottle with exceptional materials, style, and workmanship.  Many consumers purchase S'well Bottles because of S'well's reputation for quality, as well as its partnering with numerous charitable organizations to give back to the community and its commitment to health, wellness, conservation, and the environment.  The S'well's bottles are among the most popular drinking containers offered for sale in the United States.

15.     S'well Bottles bearing the S'well Bottle trade dress come in a variety of sizes, colors, and textures and are sold at well-known retailers and department stores across the United States, such as Starbucks, JCrew, Nordstrom, Neiman Marcus, Bloomingdales, Saks, Crate + Barrel, ABC Carpet and Home, Williams Sonoma, and Equinox Health Centers, as well as thousands of other retailers in the United States and abroad.

16.     S'well's marketing efforts have resulted in widespread and favorable public acceptance and recognition of the S'well Bottle trade dress and S'WELL trademarks.  As a

result, the S'well Bottle trade dress and the S'WELL marks have become highly valuable and recognizable to the public. The S'well Bottle trade dress has gained secondary meaning as the designation of origin for S'Well Bottles.

17.    Since 2010, for example, S'well has undertaken extensive marketing and promotion relating to the S'well Bottle. In addition, the S'well Bottle has been featured in all of the major consumer product trade shows, and has been featured in at least 35 domestic trade shows in just the last year. S'well further employs a social media and marketing team to promote the S'well Bottle trade dress and S'well brand on sites such as Facebook, Twitter, Instagram, and Snapchat.

18.    Over the past several years, the S'well Bottle has been extensively advertised and has received considerable media coverage. For example, images of the S'well Bottle bearing the S'well Bottle trade dress have appeared in magazines such as *InStyle*, *People*, *Vogue*, *Teen Vogue*, *Glamour*, *Elle Canada*, *Cosmopolitan*, *Seventeen*, *US Weekly*, *Time*, *Marie Claire*, *Pregnancy Magazine*, *Business Insider*, *O Magazine*, *Travel + Leisure*, *Shape*, *Women's Health*, *Fitness*, *Better Homes and Gardens*, *Time Out New York*, and *Architectural Digest*, and newspapers such as *The New York Times*, *The Washington Post*, *The Miami Herald*, *The Boston Globe*, *NY Daily News*, *Chicago Tribune*, *The Huffington Post*, *Houston Chronicle*, *Metro*, *Financial Times* and *Star Tribune*.

19.    S'well Bottles have also been featured prominently in segments on several news shows, such as *The Today Show* and *CBS News*. In addition, S'well is the official bottle partner for the prestigious TED conference, Mercedes Benz Fashion Week, the Coterie, ENK, and PROJECT fashion shows, as well as Harvard Business School.

20.    S'well also has created S'well Bottles for some of the most recognizable brands in America, including Apple, H&M, Boeing, Audi, BMW, Delta, Evernote, Facebook, Google, Harvard, National Basketball Association, Starbucks, The Nature Conservancy, Trader Joe's, Universal Music Group, Fidelity, Jimmy Kimmel Live!, Uber, Microsoft and UNICEF.  The S'well Bottle featuring the S'well Bottle trade dress created for recognizable brands is shown in the following representational images:



21.    S'well additionally has engaged in unique collaborations allowing for the promotion and sale of S'well Bottles.  For example, S'well has partnered with certain ready-to-wear and contemporary fashion trade shows, including ENK Coterie, Project Women, Project NYC, and Cabana Miami.  And in 2015, S'well had a prominent profile at the South by Southwest festival in Austin, Texas, allowing for placement of S'well Bottles with distinguished influencers, organizations, and attendees, including Spotify, Funny or Die, SXSW Social Good Hub, and executives from Huff Post Live, American Express, Reddit, and Bloomberg.

22.    S'well's reputation is a direct result of its extensive advertising and promotion, and concomitant widespread sales, the care and skill utilized in the manufacture of S'well's products, and the uniform high quality of such products.  S'well has created invaluable goodwill throughout the United States and elsewhere by selling products of dependable quality.

23.    S'well is the owner of all right, title, and interest in and to, *inter alia*, the following trade dress and  trademarks, all of which are registered on the United States Patent and Trademark Office's ("USPTO") Principal Register:

| Registration No. | Registered Mark | Date of Registration |
|---|---|---|
| **5,118,514**<br>**(the "S'well Bottle")** |  | Jan. 10, 2017 |
| **4,234,092** | S'well | Oct. 30, 2012 |
| **4,559,184** | S'well | Jul. 01, 2014 |
| **4,559,187** | Swell | Oct. 08, 2013 |

24.    S'well also is the owner of all right, title, and interest in and to Registration No. 4,366,242, issued on July 9, 2013, on the USPTO's Supplemental Register for the S'well Bottle trade dress.  Attached as Exhibit A hereto are true and correct copies of U.S. Trademark Registration Certificate Nos. 5,118,514 and 4,366,242.

25.    S'well and/or its predecessors in interest have been using the S'well Bottle trade dress continuously in interstate commerce since as early as 2009.

26.    As reflected in the Registrations issued by the USPTO to S'well, the S'well Bottle trade dress consists of a distinctive "three-dimensional configuration of a bottle and bottle cap" as shown below:



27.     The design of the S'well Bottle trade dress is non-functional, as is demonstrated by the fact that there is no need for a bottle to be shaped this way in order to function as a reusable water bottle (*i.e.,* to hold liquid), as is clear from the multitude of other shapes of reusable insulated water bottles available in the market.  There is virtually no limit on the number of shapes and configurations for bottles capable of holding water.  Just a few examples of differently shaped reusable water bottles available in the market are shown below:







**RTIC's Unlawful Conduct.**

28.     RTIC appears to be a serial infringer of trade dress.  Recently, RTIC was a defendant in an action in which RTIC was sued for trade dress infringement, unfair competition and other claims arising in connection with RTIC's distribution of coolers that appropriated someone else's trade dress, *Yeti Coolers, LLC v. RTIC Coolers, LLC*, 15 cv 0597-RP (W.D. Tex.).  On February 23, 2017, a judgment was entered in that case requiring RTIC to discontinue selling the accused products and to redesign them.

29.     Following entry of the order requiring RTIC to halt its distribution of products appropriating another manufacturer's trade dress, RTIC decided to free ride on S'well.  Thus, after S'well had expended substantial effort and resources marketing the S'well Bottle and promoting the S'well Bottle trade dress, after the S'well Bottle had received widespread media coverage and publicity, after many millions of dollars in sales of S'well Bottles bearing the S'well Bottle trade dress had been sold, and after the S'well Bottle trade dress was recognized and associated by the consuming public with S'well, RTIC simply copied the S'well Bottle trade dress and began marketing and selling RTIC's Infringing Products across the United States:



30.    RTIC is offering, selling and actively promoting RTIC's Infringing Products in a manner that is likely to confuse, and which, upon information and belief, has created actual confusion among, the public as to an association between RTIC and its products, on the one hand, and S'well and its products, on the other.

31.    RTIC adopted a configuration for RTIC's Infringing Products that precisely copies S'well's registered trade dress:



32.    The configuration of RTIC' Infringing Products appears identical to the configuration of the S'well Bottle, thus creating a likelihood of confusion as to the origin of Infringing Products:

| Examples S'well Bottle | Examples RTIC's Infringing Product |
|---|---|



33.    RTIC offers and distributes RTIC's Infringing Products through the same channels of commerce through which the S'well Bottle is distributed.

34.    At no time did S'well grant RTIC any right, assignment, authorization, license, or other permission to produce, market, or sell products bearing the S'well Bottle trade dress or any configuration confusingly similar thereto.

35.    Nevertheless, RTIC is free riding on the fame and reputation of S'well and the S'well Bottle by marketing, promoting, distributing and selling products bearing the S'well Bottle trade dress or configurations confusingly similar thereto.

36.    S'well has been, and continues to be, harmed by the false association with RTIC arising from RTIC having associating itself with the S'well Bottle trade dress and the S'WELL brand.  RTIC has endeavored to create in the public mind, and has succeeded in creating to S'well's continuing harm, a mistaken belief that there is an affiliation, association, sponsorship, or other connection between itself and its products and S'well.

37.    RTIC's conduct relating to its infringement of S'well's trade dress and its other unlawful acts has caused and continues to cause irreparable injury to S'well's trade, business reputation, and good will.  Upon information and belief, RTIC intends, unless enjoined by this Court, to continue its course of conduct and to wrongfully use, infringe upon, and otherwise profit from the S'well Bottle trade dress and the S'WELL brand, to compete unfairly, and to confuse and deceive consumers.

38.    As a direct and proximate result of the acts of RTIC, S'well already has suffered harm, including irreparable harm and has sustained losses of good will.  S'well has no adequate remedy at law to redress all of the injuries that RTIC has caused, and intends to cause, by its conduct.  S'well will continue to suffer irreparable damage and sustain losses until RTIC's actions as described above are enjoined by this Court

## FIRST CAUSE OF ACTION
(Trade Dress Infringement, 15 U.S.C. § 1114)

39.    S'well realleges and incorporates by reference the allegations in Paragraphs 1 through 38 above.

40.    S'well utilizes the S'well Bottle trade dress in interstate commerce and it and its predecessor-in-interest have done so exclusively and continuously since long prior to RTIC.

41.    S'well is the owner of the S'well Bottle trade dress which has been registered by the USPTO on the Principal Register.  The S'well Bottle is distinctive and non-functional and has acquired secondary meaning.

42.    RTIC has, without consent from S'well, used the registered trade dress and/or confusingly similar trade dress in connection with RTIC's own goods and services and its marketing and promotion thereof, in manners which, upon information and belief, have caused actual confusion and which are likely to continue to cause confusion and mistake and to deceive consumers as to the source or origin of RTIC's goods and services.

43.    RTIC's acts constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of registered trade dress, in connection with the sale, offering for sale, distribution or advertising of services, on or in connection with such use, which is likely to cause confusion or to cause mistake or to deceive, in violation of 15 U.S.C. § 1114(1).

44.    By its actions alleged above, RTIC has infringed and will continue to infringe S'well's trade dress in violation of Section 32 of the Lanham Act.

45.    The actions of RTIC have been committed in bad faith, willfully and with intent, making this an exceptional case and entitling S'well to recover its costs of the action and reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), and the damages sustained by S'well as a result of the unlawful conduct alleged herein should be trebled in accordance with 15 U.S.C. § 1117(b).

46.    As a direct and proximate result of its wrongful conduct, RTIC has realized profits and other benefits to which RTIC is not entitled.

47.    As a direct and proximate result of RTIC's wrongful conduct, RTIC has caused and is causing substantial and irreparable harm to S'well, its registered trade dress and to the

business and goodwill represented by its registered trade dress, in an amount not readily capable of determination.  Unless restrained by this Court, RTIC will cause further irreparable harm to S'well.

48.      By reason of the foregoing, S'well is entitled to injunctive relief against RTIC, and, after trial, to recover any damages proven to have been caused by reason of RTIC's willful acts of trade dress infringement.

### SECOND CAUSE OF ACTION
(False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a))

49.      S'well realleges and incorporates by reference the allegations in Paragraphs 1 through 48 above.

50.      S'well utilizes the S'well Bottle trade dress in interstate commerce and it and its predecessor-in-interest have done so exclusively and continuously since long prior to RTIC.

51.      RTIC has, without consent from S'well, produced, sold, marketed, imported, and distributed, and is still producing, selling, marketing, importing, and distributing in commerce infringing products bearing S'well's trade dress or trade dress confusingly similar thereto. without S'well's authorization or consent and having knowledge of S'well's well-known and prior rights in the S'well Bottle trade dress.

52.      Upon information and belief, RTIC' actions have caused and are likely to cause confusion and mistake, and have deceived and are likely to deceive potential customers and the general purchasing public as to the source of the Infringing Products by leaving customers with the mistaken belief that RTIC's infringing products originate from or are otherwise associated with S'well.

53.      RTIC's acts as alleged herein constitute, among other things, false designations of origin, false or misleading descriptions of fact, or false or misleading representation of fact

15

which are likely to cause confusion or mistake, or to deceive the public as to the origin,

sponsorship, or approval of the goods and services of RTIC, and otherwise constitute

infringement and unfair competition in violation of 15 U.S.C. § 1125(a).

54.     The acts of RTIC have been committed in bad faith, willfully and with intent,

making this an exceptional case and entitling S'well to recover its costs of the action and

reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a), and the damages sustained by S'well

as a result of the unlawful conduct alleged herein should be trebled in accordance with 15 U.S.C.

§ 1117(b).

55.     As a direct and proximate result of its wrongful conduct, RTIC has realized

profits and other benefits to which it is not entitled.

56.     As a direct and proximate result of RTIC's wrongful conduct, RTIC has caused

and is causing substantial and irreparable harm to S'well, its trade dress and marks and to the

business and goodwill represented by its trade dress and marks, in an amount not readily capable

of determination.  Unless restrained by this Court, RTIC will cause further irreparable harm to

S'well.

57.     By reason of the foregoing, S'well is entitled to injunctive relief against RTIC,

and, after trial, to recover any damages proven to have been caused by reason of RTIC's acts of

trademark infringement, false designation of origin and unfair competition.

## THIRD CAUSE OF ACTION
(Trade Dress Infringement Under New York Law)

58.     S'well realleges and incorporates by reference the allegations in Paragraphs 1

through 57 above.

59.     RTIC' acts as described above constitute trade dress infringement under New

York law.

## FOURTH CAUSE OF ACTION
(Unfair Competition Under Common Law)

60.    S'well realleges and incorporates by reference the allegations in Paragraphs 1 through 59 above.

61.    RTIC's acts and omissions as described herein constitute unfair competition against S'well.

62.    RTIC's unfair competition has harmed and is continuing to harm S'well, its business and its goodwill.

63.    In addition to monetary harm, S'well has suffered and is continuing to suffer irreparable harm as a result of RTIC's unfair competition, and S'well has no adequate remedy at law for such injuries.

## FIFTH CAUSE OF ACTION
(Deceptive Acts and Practices, N.Y. Gen. Bus. Law § 349)

64.    S'well realleges and incorporates by reference the allegations in Paragraphs 1 through 63 above.

65.    By producing, selling, marketing, importing, and distributing in commerce infringing products bearing S'well's trade dress or trade dress confusingly similar thereto, without S'well's authorization, RTIC has engaged in an act or practice that is deceptive and misleading in a material way.

66.    RTIC has set out to intentionally mislead consumers and the general public, specifically including consumers and the public at large in New York.

67.    RTIC' actions have caused damage to S'well's consumers by deceiving consumers into buying infringing products that are inferior to the S'well Bottle and that are not

produced, sold, marketed, imported, and distributed in accordance with S'well's commitment to the environment.

68.    RTIC's actions have also caused damage to S'well through, *inter alia*, lost profits, harm to the substantial business and goodwill symbolized by the S'well Bottle trade dress and the S'WELL mark, and the association of S'well with a product that is produced, sold, marketed, imported, and distributed under quality controls that are inferior to those of S'well and that do not reflect S'well's commitment to the environment.

69.    RTIC has acted in bad faith and is willfully infringing and intentionally selling infringing products in an effort to reap the benefits of the goodwill associated with the S'well Bottle trade dress and S'WELL mark.  Accordingly, the damages sustained by S'well as a result of the unlawful conduct alleged herein should be trebled in accordance with N.Y. Gen. Bus. Law § 349(h).

**SIXTH CAUSE OF ACTION**
(False Advertising, N.Y. Gen. Bus. Law § 350)

70.    S'well realleges and incorporates by reference the allegations in Paragraphs 1 through 69 above.

71.    By marketing through its Website and on Facebook RTIC's infringing products, RTIC has engaged in advertising that is deceptive and misleading in a material way.

72.    RTIC's actions were aimed at the consuming public at large through RTIC's extensive marketing of RTIC's infringing products.

73.    RTIC's marketing has caused and is likely to cause confusion and mistake, and has deceived and is likely to deceive potential customers and the general purchasing public by leaving customers with the mistaken belief that RTIC's infringing products are associated with S'well.

74.    RTIC's actions have also caused damage to S'well through, *inter alia*, lost profits, harm to the substantial business and goodwill symbolized by the S'well Bottle trade dress, and the association of S'well with a product that is produced, sold, marketed, imported, and distributed under quality controls that our inferior to those of S'well and that do not reflect S'well's commitment to the environment.

## PRAYER FOR RELIEF

**WHEREFORE**, S'well prays for a judgment in its favor and against RTIC for the following relief:

1.    RTIC, its officers, agents, employees, and any other individuals or entities acting in concert with RTIC, be temporarily, preliminarily, and permanently enjoined from:

    a.  making any use of the S'well Bottle trade dress or trade dress confusingly similar thereto, whether alone or in combination with any other words, designs, or disclaimers, in any manner likely to cause consumer confusion, deception, or mistake on or in connection with any producing, selling, marketing, importing, or distributing of bottles.

    b.  using any other false designation of origin or false description or representation or any other thing calculated to or likely to cause confusion or mistake in the mind of the trade or public or to deceive the trade or public into believing that RTIC's products or services are in any way, sponsored, licensed, authorized, or affiliated with S'well;

    c.  secreting, destroying, altering, removing, or otherwise dealing with the infringing products or any books or records relating to the infringing products;

    d.  importing any products that infringe upon the S'well Bottle trade dress; and

e.    from any other act or practice that competes unfairly with S'well.

2.    RTIC be ordered to deliver to S'well for recycling any and all of RTIC's infringing products in its possession or under its control (including any and all catalogs or other printed material that promotes or otherwise displays the infringing products) that were or are being used, produced, sold, marketed, imported, or distributed whether in the United States, including recalling and removing from its Websites, online markets, or other channels of commerce any of RTIC's infringing products or display of the same.

3.    RTIC be ordered to supply S'well with a complete list of entities from whom it obtained and to whom it distributed and/or sold RTIC's infringing products or any other products confusingly similar to the S'well Bottle, and to provide documentation of the manner through which RTIC's infringing products were paid, including any bank accounts to, through, or from which funds were wired;

4.    RTIC be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and serve on S'well a report in writing under oath setting forth in detail the manner and form in which RTIC has complied with the injunction relief described above;

5.    RTIC be ordered to account to S'well for RTIC's profits and any damages sustained by S'well from RTIC's acts of trade dress infringement, false designation of origin, false advertising and unfair competition, and that S'well be awarded the greater of (i) three times RTIC's profits, or (ii) three times any damages sustained by S'well, under 15 U.S.C. § 1117, plus prejudgment interest;

6.    S'well be awarded compensatory and punitive damages, on account of RTIC' gross, wanton, willful, and malicious conduct, pursuant to New York State statutory and common law;

7.    S'well be permitted to recover its costs and disbursements incurred in this action, including its reasonable attorney's fees; and

8.    S'well be awarded such other and additional relief as this Court may deem just, proper and equitable.

## DEMAND FOR JURY TRIAL

S'well respectfully requests a trial by jury on all claims.

Respectfully submitted,

Dated:    New York, New York      LEVINE SULLIVAN KOCH & SCHULZ, LLP
          May 11, 2017

                                  By: _____
                                        Robert Penchina

                                  321 West 44th Street, Suite 1000
                                  New York, NY 10036
                                  (212) 850-6100
                                  (212) 850-6299 (Fax)

                                  *Attorneys for Can't Live Without It, LLC  dba
                                  S'well Bottle*